IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CODY THOMPSON, a minor, by and
through his mother, natural guardian
and next friend, JAMIE LIPSHAW,
and JAMIE LIPSHAW, individually,

    Plaintiffs,

vs.                                              Case No. 8:05-CV-00682-EAK-MSS

UNKNOWN SNAPPER DEALER, a Florida
Corporation, SNAPPER, INC.; SNAPPER
POWER EQUIPMENT, INC.; SIMPLICITY
MANUFACTURING, INC.; BRIGGS AND
STRATTON CORPORATION; and BRIGGS
AND STRATTON POWER PRODUCTS
GROUP, LLC, all foreign corporations,

    Defendants.
_____/

### *DEFENDANT, BRIGGS AND STRATTON CORPORATION'S*
### *MOTION TO STRIKE AND MEMORANDUM OF LAW*

Defendant, BRIGGS AND STRATTON CORPORATION, by its counsel Ruden, McClosky, Smith, Schuster & Russell, P.A. and pursuant to Rule 12(f), *Federal Rules of Civil Procedure*, hereby moves to strike the photographs contained within the allegations of Plaintiffs' Complaint (Docket #2), and in support thereof, states as follows:

1.    This is a products liability case allegedly arising from a September 9, 2003 accident involving the operation of a Snapper riding lawn mower wherein plaintiff, Cody Thompson, sustained personal injuries. Plaintiffs claim that the subject Snapper riding lawn mower was defective in that it lacked a "no mow in reverse" feature and lacked any warnings concerning this issue.

TPA:376713:1

2. This case has been removed pursuant to Pursuant to 28 U.S.C. §§ 1441 *et seq.*

3. In paragraph 3 of their Complaint, Plaintiffs have graphically reproduced actual photographs of what Plaintiffs allege is the Snapper riding lawn mower allegedly at issue.

4. Similarly, in paragraph 10 of their Complaint, Plaintiffs have graphically reproduced two (2) photographs that Plaintiffs claim depict the then four-year-old plaintiff Cody Thompson's "bodily injury" and "disfigurement."

5. The inclusion of said photographs (hereinafter collectively the "Photographs") in Plaintiffs' Complaint is entirely improper and should be stricken accordingly, as being unduly prejudicial, redundant, immaterial, impertinent and scandalous. *See* Fed. R. Civ. P. 12(f).

6. While the issue concerning the inclusion of photographs within pleadings is apparently rare, the cases that do address the issue are uniform in holding that such practice amounts to an improper and unwarranted attempt by a party to plead evidence. *See* P.G. Guthrie, *Propriety of Attaching Photographs to a Pleading* 33 A.L.R. 3d 322 § 1 (1970).

7. Indeed, it has long been the case in Florida that photographs contained within a complaint should be stricken. *See Perkins v. Morgan Lumber Co.*, 67 So. 126, 514-515 (Fla. 1914). In affirming the trial court's striking of photographs that merely depicted the scene of the accident (as opposed to the actual injury), the *Perkins* court expressly recognized that "[i]t is contrary to all established rules for a party to plead his evidence in a cause; particularly so when, to become admissible as evidence, the matter so pleaded requires identification and authentication by some witness under oath and subject to cross-examination." *Id.* at 515.

8. Not surprisingly, courts from other states have come to the same conclusion. *See e.g., Laning v. C.R. Crim Bldg. Co.*, 66 So. 2d 121 (Ala. 1953) *quoting Perkins* (explaining that "to permit [photographs] to be interjected into the case as part of the plaintiff's initial pleading

was nothing more than an attempt on the plaintiff's part to plead his evidence, and thus to get it before the jury without the precedent step of proper identification and authentication by the oath of some witness subject to cross-examination."); *English v. Genovese*, 267 N.Y.S.2d 283, 285 (N.Y. 1966) (in striking pictures of a sidewalk, the court noted that "the ability of attorneys to sufficiently master the English language so as to enable them to describe the physical location of an accident certainly cannot have degenerated to such a degree that photographs are necessary parts of the pleadings."); *Edwards-Warren Tire Co. v. Coble*, 115 S.E.2d 852 (Ga. 1960) (stating that it is well-established that photographs and so forth are not proper matters for pleadings); *Pace v. Cochran*, 86 S.E. 934 (Ga. 1915) (holding that photographs have no place in pleadings).

9. Although it does not appear from reported decisions that this District, the Eleventh Circuit or even other federal courts have had the occasion to address this precise issue, the rationale of *Perkins* and the other state court decisions is sound and universally applicable.

10. The Photographs add nothing to the Complaint in this case and cannot (nor are they intended to) supply necessary factual averments. Nor can it be said that the Photographs serve to avoid undue length or prolixity. *English*, 267 N.Y.S.2d at 285.

11. On the contrary, the inclusion of such Photographs is unwarranted and threatens serious, undue prejudice to the defendants while circumventing the required evidentiary procedure. *See e.g.,* Fed. R. Civ. P. 403 and 901.

12. Consequently, one can only conclude that Plaintiffs have included such Photographs as an improper attempt to evoke undue sympathy from this Court, the jury and perhaps the public, and otherwise paint the defendants in an unsavory light.

13. The undersigned counsel hereby certifies pursuant to Local Rule 3.01(g) that he has conferred with Plaintiffs' counsel in a good faith effort to resolve the issues raised in this motion but a resolution could be reached.

WHEREFORE, Defendant, BRIGGS AND STRATTON CORPORATION, respectfully requests that this Court enter an order striking the Photographs from the Complaint, removing the Photographs from the record and awarding such other relief as may be deemed appropriate.

### *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that on April 15, 2005, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: Mark J. Greene, Esq. , P.O. Box 4138, Tampa, FL 33601-1438. I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants: Michael D. Eriksen, Esq., P.O. Box 21349, West Palm Beach, FL 33416; H. Grady Chandler, Esq., 1919 S. Shiloh Road, Ste 650, LB39, Garland, TX 75042.

        s/ Mark Ragusa
        MARK J. RAGUSA ESQ.
        Florida Bar No. 0829633
        ERIC J. PARTLOW, ESQ.
        Florida Bar No. 0556531
        Ruden, McClosky, Smith, Schuster & Russell, P.A.
        401 East Jackson Street – 27th Floor
        Tampa, Florida 33602
        (813) 221-8027; (813) 229-9128 *(Facsimile)*
        E-mail: Mark.Ragusa@Ruden.com
        Attorneys for Defendant, Briggs and Stratton Corporation

Michael D. Eriksen, Esq.
Romano, Eriksen & Cronin
P.O. Box 21349
West Palm Beach, FL  33416

TPA:376713:1

H. Grady Chandler, Esq.
Chandler Law Firm
1919 S. Shiloh Road
Suite 650, LB39
Garland, TX 75042

TPA:376713:1