IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CODY THOMPSON, a Minor, by and
Through His Mother, Natural Guardian
and Next Friend, JAMIE LIPSHAW, and
JAMIE LIPSHAW, Individually,

      Plaintiffs,                                     8:05-CV-682-T-17 MSS

v.

UNKNOWN SNAPPER DEALER, a
Florida corporation; SNAPPER, INC.;
SNAPPER POWER EQUIPMENT, INC.;
SIMPLICITY MANUFACTURING, INC.;
BRIGGS AND STRATTON CORPORATION;
AND BRIGGS AND STRATTON POWER
PRODUCTS GROUP, LLC, all foreign
corporations,

      Defendants.
_____/

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT BRIGGS & STRATTON'S MOTION TO <u>STRIKE PHOTOGRAPHS FROM COMPLAINT</u>

This is a product liability case where a Snapper lawnmower, unequipped with a "no mow in reverse" feature, backed over and amputated the lower leg of the minor plaintiff. The current operative complaint incorporates a scanned photo of the subject mower and a second scanned photograph of the injuries to the minor plaintiff's leg.

Defendant Briggs & Stratton's objection to these photographs is based almost entirely on a 1970 ALR annotation concerning the "propriety of attaching photographs to a pleading." *See* 33 ALR3d 322. All of the cases cited in Defendant's memorandum come from that annotation, which seems to conclude that attaching photographs to a

complaint is prejudicial and therefore improper. A review of the cases in the annotation, however, reveal that all are between 40 and 80 years old. All seem to derive from an era when juries in some jurisdictions were actually allowed to see a plaintiff's pleadings; and therefore a specific legal objection to attaching photographs to such pleadings was that they could conceivably get to the jury without proper authentication by a witness.

Such is not the case in this day and age. Complaints today are not handed to jurors. Therefore, there is no possibility in the present case of the type of potential prejudice envisioned in the cases cited by the Defendant.

Rule 8(a), Fed.R.Civ.P., requires that "a pleading which sets forth a claim for relief…shall contain…(2) a short and plain statement of the claim showing that the pleader is entitled to relief…" It is respectfully submitted that a complaint which includes a photograph of the subject product, and another photograph which shows the defendants exactly what the alleged injury looks like, fulfills both the letter and intent of Rule 8, particularly since "a picture is worth a thousand words."

Defendant Briggs & Stratton asserts that, "one can only conclude that Plaintiffs have included such photographs as an improper attempt to evoke undue sympathy from this court, the jury and perhaps the public, and otherwise paint the defendants in an unsavory light." *Motion of Defendant,* ¶12.   As stated previously, however, the pleadings are not going to the jury; and it is Defendant Briggs & Stratton itself which has called the court's attention to these photographs by means of its petition to remove and the present motion.

Finally, Briggs & Stratton's further suggestion, that the complaint somehow needs to be sanitized from public view, seems to clash with §69.081, F.S., entitled "Sunshine in Litigation; Concealment of Public Hazards Prohibited," which states:

> (3) Except pursuant to this section, no court shall enter an order or judgment which has the purpose or effect of concealing a public hazard or any information concerning a public hazard, nor shall the court enter an order or judgment which has the purpose or effect of concealing any information which may be useful to members of the public in protecting themselves from injury which may result from the public hazard.

§69.081, F.S. (3). "Public hazard" is further defined as "an instrumentality, including but not limited to any device…product, or condition of a device… that has caused and is likely to cause injury." §69.081(2), F.S.

For these reasons we respectfully urge the court to deny Defendant Briggs & Stratton's motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U. S. Mail and e-mail this 29th day of April, 2005, to: <u>Mark J. Ragusa, Esq.</u>, Ruden, McClosky, Smith, et al., 401 East Jackson Street – 27th Floor, Tampa, FL 33602.

H. GRADY CHANDLER
CHANDLER LAW FIRM
1919 S. Shiloh Road, Suite 650, LB 39
Garland, TX 75042
(972) 271-4561
(972) 278-3588 (Fax)
Co-Counsel for Plaintiffs

and

ROMANO, ERIKSEN & CRONIN
Post Office Box 21349
West Palm Beach, FL 33416-1349
(561) 533-6700
(561) 533-8715 (Fax)
mde@travelaw.com

By: _____

Michael D. Eriksen
Florida Bar No. 316016