# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CODY THOMPSON, a Minor, by and
Through His Mother, Natural Guardian
and Next Friend, JAMIE LIPSHAW, and
JAMIE LIPSHAW, Individually,

    Plaintiffs,

vs.                                     CASE NO. 8:05-CV-682-T-17-MSS

UNKNOWN SNAPPER DEALER, a
Florida Corporation; SNAPPER, INC.;
SNAPPER POWER EQUIPMENT, INC.;
SIMPLICITY MANUFACTURING, INC;
BRIGGS AND STRATTON COPORATION;
AND BRIGGS AND STRATTON POWER
PRODUCTS GROUP, LLC, all foreign
corporations,

    Defendants.
_____/

## ORDER

    This cause is before the Court on: Defendant, BRIGGS AND STRATTON CORPORATION's (hereinafter "BSC") Motion to Strike (Dkt. 7); Defendants', SNAPPER, INC., SNAPPER POWER EQUIPMENT, INC., AND SIMPLICITY MANUFACTURING, INC.'s, Motion to Strike (Dkt. 5); and Plaintiff's Responses thereto (Dkts. 13 & 15).

## DISCUSSION

    Defendants seek to strike photographs from Plaintiff's complaint. Defendants allege that the photographs are prejudicial, redundant, immaterial, impertinent and scandalous and should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. In *Perkins v. Morgan Lumber Co.*, 68 Fla. 503, 514, 515 (Fla. 1914), the Florida Supreme Court specifically addressed the issue of the introduction of photographs during a plaintiff's initial pleadings. The Court

CASE NO. 8:05-CV-682-T-17-MSS

stated that "photos may become evidence at the trial of the cause if properly identified and shown to be pertinent to any issue in the cause, but to permit them to be interjected into the case as part of the plaintiff's initial pleading was nothing more than an attempt on the plaintiff's part to plead his evidence…" *Id*. at 514.  The Court went on to state that "it is contrary to all established rules for a party to plead his evidence in a cause…" *Id*. at 515

      Although Plaintiffs correctly state that the case is over 80 years old, and in today's modern world jurors are not handed complaints, Florida's highest court has addressed the issue, and Plaintiffs have not cited any contradicting case law to challenge the Defendants' assertions. The inclusion of the photographs in the complaint (Dkt. 2) is immaterial and improper under *Perkins* and Rule 12(f) of the Federal Rules of Civil Procedure.

      The order striking the photographs from the complaint (Dkt. 2) does not conflict with Fla. Stat. § 69.081. (Sunshine in Litigation Act).  The Plaintiffs may still seek to introduce the photographs at trial.  Defendants deny a defect exists, and a determination of fact, by a jury, that the lawnmower or its alleged design defects has not been made.  Accordingly, it is

      **ORDERED** that the Defendants' Motion to Strike (Dkts. 5 & 7) be **GRANTED.**

      **DONE and ORDERED** in Chambers, in Tampa, Florida, on this 6th day of July, 2005.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

CASE NO. 8:05-CV-682-T-17-MSS

Copies to: All parties and counsel of record