**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CODY THOMPSON, a Minor, by and
Through His Mother, Natural Guardian and
Next Friend, JAMIE LIPSHAW, and
JAMIE LIPSHAW, Individually,

        Plaintiffs,

                                         CASE NO. 8:05-CV-682-T-17-MSS

        v.

UNKNOWN SNAPPER DEALER, a Florida
corporation; SNAPPER, INC.; SNAPPER
POWER EQUIPMENT, INC.; SIMPLICITY
MANUFACTURING, INC.; BRIGGS AND
STRATTON CORPORATION; and BRIGGS
AND STRATTON POWER PRODUCTS
GROUP, LLC, all foreign corporations,

        Defendants.
_____/

## ORDER

      This cause is before the Court on Plaintiffs' Motion to Amend and Remand Action to

State Court (Docket No. 28), filed on November 23, 2005.  Defendants' responded in a

Memorandum of Law opposing Plaintiffs' motion on December 5, 2005 (Docket No. 29), and

Plaintiffs' filed a subsequent reply on January 18, 2006 (Docket No. 46).

## BACKGROUND

      Plaintiff, Jamie Lipshaw, and her son, Cody Thompson ("Cody"), are residents of the

State of Florida.  Defendants Snapper, Inc. and Snapper Power Equipment, Inc. maintain their

principal place of business at 535 Macon Road in McDonough, Georgia.  Defendant Simplicity

Manufacturing, Inc. maintains its principal place of business at 500 North Spring Street in Port

Washington, Wisconsin.  Defendants Briggs and Stratton Corporation and Briggs and Stratton

1

CASE NO.: 8:05-CV-682-T-17-MSS

Power Products Group, LLC maintain their principal place of business at 12301 West Wirth Street in Wauwatosa, Wisconsin.  The Plaintiffs allege that a final named defendant, a Florida corporation, sold lawnmowers, including the product involved in this case, to consumers on behalf of its manufacturers.  Because they lacked information about the specific name of the retailer, the Plaintiffs named as a defendant in this action an "Unknown Snapper Dealer."

On or around September 9, 2003, Cody, then age 4, was severely injured in a lawnmower accident.  Cody's father, Michael Thompson, unaware that Cody was behind the lawnmower, backed over him in full cutting mode, resulting in the amputation of Cody's right foot and mutilating injuries to his right leg.  Cody was medevac'd by helicopter to Tampa General Hospital where he obtained care for approximately two (2) months.  He was then transferred to Shriners Hospital in Tampa, Florida for an additional one (1) month.  The Plaintiffs allege that Cody suffered bodily injury and resulting pain and suffering, as well as disability and disfigurement, as a result of the lawnmower accident.  They also claim that Cody suffered mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.

The Plaintiffs filed a two (2) count complaint against multiple defendants for strict liability and negligence with regard to the manufacture and sale of the subject lawnmower.  The Plaintiffs wrote in their complaint that they would seek to amend the complaint replacing Defendant "Unknown Snapper Dealer" with the name of the actual Florida retailer after discovery revealed this information.  Defendants sought and were granted removal to this Court under 28 U.S.C. § 1332 based upon diversity of citizenship and an amount in controversy in excess of the $75,000.00 minimum.  Pursuant to her original complaint, the Plaintiffs now ask this Court for leave to amend their complaint under Fed. R. Civ. P. 15(a), and replace Defendant "Unknown Snapper Dealer" with Florida Pest Control and Chemical Company ("FPC").  If the Court permits the amendment, diversity of citizenship among the parties would be destroyed and the Court would lose subject matter jurisdiction over this case.

<u>DISCUSSION</u>

2

CASE NO.: 8:05-CV-682-T-17-MSS

Federal district courts are permitted to take original subject matter jurisdiction over cases where the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of costs.  28 U.S.C. § 1332.  FED. R. CIV. P. 15(a) permits a party to amend his pleadings upon leave of court, and the rule requires that leave be given freely when justice so requires.  A federal district court must remand to state court any case that was removed improperly or without necessary jurisdiction.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

It is the responsibility of the plaintiffs to seek an amendment to a complaint when discovery produces information that enables a "John Doe" party to be replaced by the actual, proper party.  *See Barney v. City of Greenville, Miss.*, 898 F. Supp. 372, 375 (N.D. Miss. 1995), *Rodriguez v. City of Passaic*, 730 F. Supp. 1314, 1318-1319 (D.N.J. 1990).  "Federal district courts permit the use of Doe defendants for pleading purposes until plaintiffs can determine the unknown actors' identities."  *Williams v. Lower Merion Township*, 1995 WL 461246 *3 (E.D. Pa. 1995), *see also Swartz v. Gold Dust Casino, Inc.*, 91 F.R.D. 543, 546 (D.C. Nev. 1981), *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980).

Moreover, case law binding in this Circuit[1] reveals that parties are generally permitted to amend their pleadings to correct party names.  *Wealden Corp. V. Schwey*, 482 F.2d 550, 552 (5th Cir. 1973).  While courts may refuse to allow pleading amendment on undue delay or prejudice grounds, courts will generally allow amendment "when justice so requires."  *Id.*

This case was originally filed in the Circuit Court of Hillsborough County, Florida.  Despite knowing that the Plaintiffs would eventually seek to amend their complaint and replace Defendant "Unknown Snapper Dealer" with the name of the actual Florida corporation that sold the lawnmower, Defendants nevertheless sought and obtained removal of the case to this Court.

In their present motion, the Plaintiffs seeks to amend their complaint to replace the "John Doe" name of a party with the entity's actual name.  This request is quite different from a party seeking to add a completely new party or substitute one entity for another.  Here, the Defendants

---

[1] Cases from the United States Court of Appeals for the Fifth Circuit decided prior to October 1, 1981 are binding in the United States Court of Appeals for the Eleventh Circuit.

CASE NO.: 8:05-CV-682-T-17-MSS

were on notice that after discovery revealed the name of the Florida lawnmower retailer, the Plaintiffs would commence the present motion.  In that sense, Plaintiffs' motion to amend causes neither delay nor prejudice.   Because the allegations in the Plaintiffs' complaint, if true, may prove a strict liability or negligence claim, the amendment sought in the Plaintiffs' motion should be permitted.[2]

The Defendants suggest that the Plaintiffs are manipulating the courts by moving to amend their complaint to replace Defendant "Unknown Snapper Dealer" with FPC.  However, it is the judgment of the Court that no such manipulation is occurring.  Indeed, the United States Code, together with the Federal Rules of Civil Procedure and well-settled mandatory case law in this Circuit, dictate the proper subject matter jurisdiction of federal courts.  In accordance with Eleventh Circuit precedent in *Burns*, this Court now lacks subject matter jurisdiction over this case and it must be remanded back to state court.

Defendants' argument that denial of the Plaintiffs' present motion is an appropriate sanction for spoilation of evidence, namely the loss of the lawnmower, is without merit.  Defendants fail to cite any authority for their proposition that denial of a motion to amend is an appropriate sanction for spoilation of evidence.  Moreover, the spoilation issue is not properly before this Court.  The Plaintiffs will carry the burden of proof with regard to the strict liability and negligence claims against the Defendants.  Therefore, the Plaintiffs must overcome any evidentiary burdens that are caused by the failure to produce the subject lawnmower.  It will be the responsibility of the state court to address any issues of spoilation that may affect this case.  Accordingly, it is

---

[2] Lipshaw suggests that §3[c] of 102 A.L.R. 5th 99 provides guidance regarding the effect of the lawnmower's disposal on her ability to prove Lipshaw's strict liability and negligence allegations.  One of the specific case citations in the A.L.R. article is from a New York appellate court, which held that "[i]n cases alleging design defects...the loss of the specific instrumentality that allegedly caused the plaintiff's injuries is not automatically prejudicial to the manufacturer thereof because defects will be exhibited by other products of the same design."  *Rios v. Johnson V.B.C.*, 17 A.D.3d 654, 656, 795 N.Y.S.2d 62, 64 (N.Y. App. Div. 2d Dept. 2005).  It will be up to the state court to determine whether Florida subscribes to this view.

CASE NO.: 8:05-CV-682-T-17-MSS

**ORDERED** that Plaintiffs' Motion to Amend and Remand Action to State Court (Docket No. 28) is hereby **GRANTED**, and the Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court of the Thirteenth Judicial Circuit in Hillsborough County, Florida.  The Plaintiffs are **DIRECTED** to serve upon Florida Pest Control and Chemical Company a copy of the amended complaint, pursuant to Florida civil court rules and procedure.  The Clerk of the Court shall close this case and terminate all pending motions.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this  11th day of April, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Parties and Counsel of Record